# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

HELEN KWASNIEWSKI,            )
on behalf of plaintiff and a class,   )
                              )
               Plaintiff,   )
                              )
          v.                )
                              )
MEDICREDIT, INC.,             )
                              )
               Defendant.   )
-------------------------------------------------

## COMPLAINT – CLASS ACTION

## PRELIMINARY STATEMENT

    1.    Plaintiff Helen Kwasniewski brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Medicredit, Inc.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

    2.    The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

    3.    In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

    4.    Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

    5.    The FDCPA encourages consumers to act as "private attorneys general" to enforce

the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

8. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by plaintiff within this District;

    b. Defendant does or transacts business within this District.

## PARTIES

9. Plaintiff Helen Kwasniewski is an individual who resides in Janesville, Wisconsin.

10. Defendant Medicredit, Inc. is a Missouri corporation with a principal office of Three City Place Dr., Suite 690, St. Louis, MO 63141. It does business in Wisconsin. Its registered agent and office is CT Corporation System, 301 S. Bedford St., Suite 1, Madison, WI 53703.

11. The principal purpose of Defendant Medicredit's business is the collection of debts allegedly owed to third parties, all or most of which are health care providers.

12. Defendant Medicredit regularly collects, or attempts to collect, debts allegedly owed to third parties, using the mails and telephone system for that purpose.

13. According to the Better Business Bureau, "Medicredit informed BBB that they do not purchase the debt. Hospitals and doctors refer their clients to Medicredit to collect on unpaid debts. Medicredit sends consumers letters informing them of the debt. The consumer has 30 days to respond, and if consumer does not respond, Medicredit will place a phone call to the

consumer.  If the consumer does not respond to the letter and phone call the debt is reported to the credit reporting agencies, and at this time it is placed on the consumer's credit report."

(https://www.bbb.org/us/mo/earth-city/profile/collections-agencies/medicredit-inc-0734-110035703#overview)

14. Defendant Medicredit is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

15. Defendant Medicredit was hired to collect and has been attempting to collect from Plaintiff Helen Kwasniewski an alleged $224.66 health care debt owed to St. Mary's Hospital – Janesville.

16. All such debts, including that of plaintiff, are incurred for personal, family or household purposes, and not for business purposes.

17. On or about March 12, 2019, defendant sent plaintiff the letter attached as Exhibit A.  Plaintiff received it shortly thereafter.

18. Exhibit A is a form letter.

19. Exhibit A has bar coded addresses and return addresses, which qualify the sender for a discount from the Postal Service when large numbers of similar mail items are sent at the same time.

20. Exhibit A has form numbers and mass mailing codes, both of which indicate a document used on a large-scale basis.

21. Exhibit A states:

> . . . **If this debt remains unpaid, then 30 days from the date of this letter the Facility may begin the following Extraordinary Collection Actions (ECAs):**
> - o  Reporting to a consumer credit reporting agency or credit bureaus (Credit Agencies)
> - o  Commence a civil action (suit) which may include:
>   - -  Garnishment of wages
>   - -  Attaching or seizing a bank account
>   - -  Placing a lien on residences or other personal property.

22. Internal Revenue Service regulations implementing the Affordable Care Act (Obamacare) mandate that a hospital give advanced warning of the Extraordinary Collection

-3-

Actions (ECAs) it **actually intends** to take.

23. Exhibit A represents or implies that St. Mary's Hospital intends to sue on a debt of less than $300.

24. Exhibit A represents or implies that at the commencement of a civil action, St. Mary's Hospital intends to seize or lien wages, bank accounts, residences or other person property.

25. In fact:
   a. St. Mary's Hospital hasn't initiated a lawsuit against a consumer since March 6, 2017.
   b. St. Mary's Hospital does not sue on small debts;
   c. The last fifty cases on CCAP that St. Mary's Hospital has been involved in (dating back to November 23, 2015) show that from November 23, 2015 to the present, St. Mary's Hospital has never sought to garnish a consumer prior to obtaining a judgment.

26. In light of these facts, Medicredit had no reason to believe that St. Mary's Hospital would sue at all, much less take prejudgment actions as threatened.

27. Nothing in Internal Revenue Service regulations requires or authorizes a hospital or its agents to threaten extraordinary collection actions that are not intended to be taken.

28. Under the FDCPA, consumers have a right:
   a. To be free from false threats of collection actions that are not intended to be taken;
   b. To receive truthful collection letters that do not contain false statements.

29. Plaintiff was mislead and intimidated by Exhibit A

30. Plaintiff was genuinely fearful of being sued.

## COUNT I – FDCPA

31. Plaintiff incorporates by reference paragraphs 1-29.

32. Defendant Medicredit violated 15 U.S.C. §§1692e, 1692e(2), 1692e(4), 1692e(5), and 1692e(10) by threatening action which was not intended to be taken.

33. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of—

    (A) the character, amount, or legal status of any debt; . . . .

(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

34. The Federal Trade Commission has interpreted these prohibitions as follows:

Section 807(5) prohibits the "threat to take any action that cannot legally be taken or that is not intended to be taken."

    1. *Debt collector's statement of his own definite action*. A debt collector may not state that he will take any action unless he intends to take the action when the statement is made, or ordinarily takes the action in similar circumstances.

    2. *Debt collector's statement of definite action by third party*. A debt collector may not state that a third party will take any action unless he has reason to believe, at the time the statement is made, that such action will be taken.

    3. *Statement of possible action*. A debt collector may not state or imply that he or any third party may take any action unless such action is legal *and there is a reasonable likelihood, at the time the statement is made, that such action will be taken*. A debt collector may state that certain action is possible, if it is true that such action is legal and is *frequently taken by the collector or creditor with respect to similar debts*; however, if the debt collector has reason to know there are facts that make the action unlikely in the particular case, a statement that the action was possible would be misleading. . . .

    6. *Threat of legal or other action*. Section 807(5) refers not only to a false threat of legal action, but also a false threat by a debt collector that he will report a debt to a credit bureau, assess a collection fee, or undertake any other action if the debt is not paid. A debt collector may also not misrepresent the imminence of such action. . . .

    *Lack of intent may be inferred when the amount of the debt is so small as to make*

*the action totally unfeasible or when the debt collector is unable to take the action because the creditor has not authorized him to do so. . . .*

FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50106 (Dec. 13, 1988) (emphasis added).

## CLASS ALLEGATIONS

35. Plaintiff brings this claim on behalf of a class pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

36. The class consists of (a) all individuals (b) to whom Medicredit sent a letter in the form represented by Exhibit A (c) to a Wisconsin address (d) seeking to collect a debt for St. Mary's Hospital in the amount of $1000.00 of less[1], (e) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

37. On information and belief, based on the size of Medicredit's business, there are more than 40 class members, and the class is so numerous that joinder of all members is not practicable.

38. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are (a) whether St. Mary's Hospital intends to carry out the actions referred to in the letter and (b) whether the letter makes threats of action which is not intended to be carried out.

39. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

40. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

41. A class action is superior for the fair and efficient adjudication of this matter, in

---

[1]Plaintiff may adjust this amount subsequent to discovery.

that:

      a.    Individual actions are not economically feasible.

      b.    Members of the class are likely to be unaware of their rights;

      c.    Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

      i.    Statutory damages;

      ii.    Attorney's fees, litigation expenses and costs of suit;

      iii.    Such other and further relief as the Court deems proper.

Dated August 28, 2019

                                Respectfully submitted,

                                By: /s/ Daniel A. Edelman
                                    Daniel A. Edelman (IL #0712094)

Daniel A. Edelman (IL #0712094)
Cathleen M. Combs (IL # 0472840)
Julie Clark (IL# 6273353)
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

HNM Law, LLC
PO Box 26273
Wauwatosa, WI 53226
(414) 306-7000
Heidi@hnm-law.com

Zeshan Usman (WI #1069404)
USMAN LAW FIRM, LLC
525 Junction Rd., Ste. 8520N
Madison, WI 53717
(608) 829-1112
(888) 876-2636 (FAX)
Z@UsmanLaw.com

ATTORNEYS FOR PLAINTIFF

ATTORNEYS FOR PLAINTIFF

**EXHIBIT A**

REDACTED

**MEDICREDIT, INC.**
PO Box 1629
Maryland Heights, MO 63043-0629
**Phone: 1-800-888-2238**

| You can also pay by check or credit card at our website: www.medicreditcorp.com |

Creditor Name: ST. MARYS HOSPITAL - JANESVILLE
Account #: 
Customer #: 

Date of Service: 07/07/2018
Balance Due on File: $224.66
Last Payment Date: 00/00/0000

St. Marys Hospital - Janesville provides Financial Assistance for eligible individuals. The Financial Assistance Policy and Financial Assistance Application are available upon request at the hospital facility, or by visiting ssmhealth.com/financialaid or by calling 1-855-989-6789. If this debt remains unpaid, then 30 days from the date of this letter the Facility may begin the following Extraordinary Collection Actions (ECAs):
- Reporting to a consumer credit reporting agency or credit bureaus (Credit Agencies)
- Commence a civil action (suit) which may include:
  - Garnishment of wages
  - Attaching or seizing a bank account
  - Placing a lien on residences or other personal property

A Plain Language Summary of the facility's Financial Assistance Policy is included with this notice.

Please either:
1. Remit payment in full to this office or,
2. For phone payments, express mail, MoneyGram information, call between 8:00am and 8:00pm Monday to Thursday, 8:00am to 5:00pm Friday, and 8:00am to Noon Saturday. All times are Central Time Zone.

Please call to make a payment by check or credit card by telephone.

MoneyGram. ExpressPayment.

Contact us toll free at 1-800-888-2238.

Medicredit, Inc.
PO Box 1629
Maryland Heights, MO 63043-0629

**This communication is from a debt collector.**

>>> Please see reverse side for important information <<<

222857227_78TTTOGW0101DSCL6R_90573707_80000206

***Detach Lower Portion and Return with Payment***

TTTOGW01
PO Box 1280
Oaks PA 19456-1280
ADDRESS SERVICE REQUESTED

Account #: 
Amount Due on File: $224.66
Statement Date: March 12, 2019

Mail all Correspondence to:

MEDICREDIT, INC.
PO Box 1629
Maryland Heights, MO 63043-0629

Helen Kwasniewski

We are required under certain State and Local Laws to notify consumers of those States or Localities of the following rights. This list does not contain a complete list of the rights consumers have under Federal, State, or Local Laws.

### ADDITIONAL INFORMATION FOR CALIFORNIA RESIDENTS

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency, if you fail to fulfill the terms of your credit obligations. Please notify the creditor of any change(s) in your name, address or employment.

### ADDITIONAL INFORMATION FOR COLORADO RESIDENTS

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.coag.gov/car. COLORADO OFFICE LOCATION: 80 GARDEN CENTER, SUITE 3, BROOMFIELD, CO 80020; LOCAL PHONE: 303-920-4763; TOLL-FREE PHONE: 800-388-7977.

A CONSUMER HAS THE RIGHT TO REQUEST IN WRITING THAT A DEBT COLLECTOR OR COLLECTION AGENCY CEASE FURTHER COMMUNICATIONS WITH THE CONSUMER. A WRITTEN REQUEST TO CEASE COMMUNICATION WILL NOT PROHIBIT THE DEBT COLLECTOR OR COLLECTION AGENCY FROM TAKING ANY OTHER ACTION AUTHORIZED BY LAW TO COLLECT THE DEBT.

### ADDITIONAL INFORMATION FOR MASSACHUSETTS RESIDENTS

NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

### ADDITIONAL INFORMATION FOR MINNESOTA RESIDENTS

THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE. Collection agency street address is Medicredit Inc., 3620 I-70 Dr. E Ste C, Columbia, MO 65201-6582. Hours of operation on front.

### ADDITIONAL INFORMATION FOR NEW YORK CITY RESIDENTS

This collection agency is licensed by the New York City Department of Consumer Affairs, license numbers 1209512-DCA, 1294245-DCA, 2004610-DCA, 2004614-DCA and 2004603-DCA.

### ADDITIONAL INFORMATION FOR NORTH CAROLINA RESIDENTS

Medicredit, Inc., 111 Corporate Office Dr. Suite 200, Earth City, MO 63044; North Carolina Department of Insurance permit number:

Pursuant to N.C. Gen Stat. 131E-91, patients have a right to receive an itemized bill. Please contact the provider at 800-888-2238 to request an itemized bill.

### ADDITIONAL INFORMATION FOR TENNESSEE RESIDENTS

This collection agency is licensed by the Collection Service Board of the State Department of Commerce and Insurance.

### ADDITIONAL INFORMATION FOR UTAH RESIDENTS

As required by Utah Law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

### ADDITIONAL INFORMATION FOR WASHINGTON RESIDENTS:

This collection agency is licensed as Medicredit, Inc., 3620 I-70 Drive SE, Suite C, Columbia, MO 65201-6582, 877-395-3125, 800-242-6813; 1801 California Avenue, Corona, CA 92881-7251, 800-777-9929; 13730 South Point Boulevard, Charlotte, NC 28273-7715, 888-213-9688; 111 Corporate Center Drive, Suite 200, Earth City, MO 63045-1506, 800-888-2238; and 9700 Bissonnet Street, Suite 2300W, Houston, TX 77036-8001, 860-633-2200.

---

## WE ACCEPT MASTERCARD, VISA, AND DISCOVER

**PLEASE PAY IN FULL**

If you wish to make your payment via credit card, please complete the information below and return in the enclosed envelope.

**CHECK ONE**

☐ MasterCard
☐ VISA
☐ DISCOVER

Account Number | Payment Amount $ | Expiration Date /

Cardholder Name | Signature of Cardholder | Date

Cardholder Street Address | City | State | Zip

Phone number for verification of information if necessary ( ) -



## Financial Assistance Summary

SSM Health is committed to providing financial assistance to people who are without insurance, underinsured, ineligible for a government program, or otherwise unable to pay for medically necessary care. SSM Health will provide care of emergency medical conditions to individuals regardless of their ability to pay.

Financial assistance is available on a sliding-scale. Each applicant's financial need is based on Federal Poverty Levels, which includes income and number of family members. Financial need does not consider age, gender, race, social or immigrant status, sexual orientation or religious affiliation. SSM Health limits the amount charged for emergency and medically necessary care provided to patients who are eligible for financial assistance under this policy to not more than gross charges for the care multiplied by the AGB percentage

**To apply for financial assistance,** you must complete a Financial Assistance Application. Call **(855) 989-6789** or visit ssmhealth.com/financialaid to receive a free application. The following documentation should be included with your application:

- Checking & savings account statements (last three months)
- Verification of income (last two months)
- Last year's federal tax return or non-filing letter

Uninsured patients automatically receive a discount on their bill. This will be noted on your billing statement. It does not disqualify you for financial assistance. For uninsured patients, financial assistance is applied after the discount.

Patients without enough insurance coverage also might be eligible for assistance.

Our Financial Counselors can help determine your financial assistance eligibility. If applicable, they can help you apply for Medicaid or setup a payment plan.

Patients are expected to cooperate with SSM Health's Financial Assistance Application process. Eligibility for financial assistance may be restricted to residents in the primary service areas of SSM Health's care sites. In cases when a patient appears eligible for financial assistance, but no evidence is available, SSM Health could use outside agencies to determine eligibility.

Translations of the Financial Assistance Policy, the Billing and Collections policy, the Plain Language Summary, and the Financial Assistance Application are available in the following languages at ssmhealth.com/financialaid: Spanish, German, Chinese, Vietnamese, French, Serbo-Croatian, Korean, Russian, Tagalong, Arabic, Hmong, Laotian

**A copy of our Billing and Collections Policy, which describes the actions that SSM Health may take in the event of nonpayment, is provided for free upon request.**

SSM Health may at any time revise the criteria determining eligibility for financial assistance.

Submit the application and all requested documentation by mail, email, fax, or in person. Be assured that SSM Health understands the sensitivity of your personal information and works hard to protect your privacy.

 **By Mail**
SSM Health: Patient Business Services
Attn: Financial Assistance
PO Box 28205
St. Louis, MO 63132

 **By Fax**
(314) 989-6374

 **By Email**
financialaid@ssmhc.com

### In Person
Please see the Financial Counselor at the Facility in which you received care. Addresses are listed below.

**Wisconsin**

St. Clare Hospital
707 14th St.
Baraboo, WI 53913

St. Mary's Hospital
700 S. Park St.
Madison, WI 53715

St. Mary's Janesville Hospital
3400 E. Racine St.
Janesville, WI 53546

**Illinois**

St. Mary's Hospital - Centralia
400 N. Pleasant Ave
Centralia, IL 62801

Good Samaritan Regional Medical Center – Mount Vernon
1 Good Samaritan Way
Mount Vernon, IL 62864

**Missouri**

SSM Cardinal Glennon Children's Medical Center
1465 S. Grand Blvd.
St. Louis, MO 63104

SSM DePaul Health Center
12303 DePaul Dr.
St. Louis, MO 63044

SSM St. Joseph Health Center
300 First Capitol Drive
St. Charles, MO 63301

SSM St. Joseph Health Center – Wentzville
500 Medical Drive
Wentzville, MO 63385

SSM St. Joseph Hospital West
100 Medical Plaza
Lake Saint Louis, MO 63367

**Missouri**

SSM St. Mary's Health Center
6420 Clayton Rd.
Richmond Heights, MO 63117

SSM St. Clare Health Center
1015 Bowles Ave.
Fenton, MO 63026

SSM Health St. Mary's Hospital – Jefferson City
2505 Mission Dr.
Jefferson City, MO 65109

SSM Health St. Mary's Hospital – Audrain
620 E. Monroe
Mexico, MO 65265

St. Francis Hospital – Maryville
2016 South Main Street
Maryville, MO 64468

**Oklahoma**

Bone & Joint St. Anthony Hospital
1111 N. Dewey Ave.
Oklahoma City, OK 73103

St. Anthony Hospital
1000 N. Lee
Oklahoma City, OK 73102

St. Anthony Shawnee Hospital
1102 W. MacArthur St.
Shawnee, OK 74804