IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HELEN KWASNIEWSKI, on behalf of
plaintiff and a class, ,

                     Plaintiffs,                        OPINION AND ORDER

   v.
                                             19-cv-701-wmc

MEDICREDIT, INC.,

                     Defendant.

In December of 2020, the Seventh Circuit Court of Appeals issued several decisions regarding standing in the context of actions brought under the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*  In light of these new and relevant developments in the law, the court requested additional briefing from plaintiff, explaining why this court should not dismiss this case for lack of standing.  (Dkt. #66.)  Plaintiff has now submitted her response (dkt. #67), which was further addressed with the parties' counsel at today's status conference.[1]  For the reasons discussed below and during that conference, the court finds that the named plaintiff lacks standing to sue.  Further, in light of the unique nature of this standing issue for every member of the putative class, the court concludes that the requirements of Rule 23 are no longer met and will decertify the class.  Accordingly, the clerk is directed to enter judgment and close this case.

---

[1] Plaintiff appeared by Julie Clark and Heidi Miller, while defendant appeared by Jamie Cotter. Defendant Medicredit also raised the issue of standing in an earlier motion that is still under advisement by this court, although briefing on that motion was completed before the Seventh Circuit's recent decisions.  (Dkt. #25.)  Still, the court considered the arguments made by both parties in their previous briefing, as well as those arguments presented in plaintiffs' subsequent briefing.

BACKGROUND[2]

In March of 2019, defendant Medicredit sent a letter to named plaintiff Helen Kwasniewski in an attempt to collect on a debt owed to St. Mary's Hospital - Janesville ("St. Mary's"), which is owned by SSM Health ("SSM"). The letter stated that Kwasniewski had a balance due of $224.66 and stated in relevant part:

> If this debt remains unpaid, then 30 days from the date of this letter the Facility may begin the following Extraordinary Collection Actions (ECAs):
> > Reporting to a consumer credit reporting agency or credit bureaus (Credit Agencies) Commence a civil action (suit) which may include:
> > > Garnishment of wages
> > > Attaching or seizing a bank account
> > > Placing a lien on residences or other personal property

(Pl.'s Br., Appendix F (dkt. #43-6) 2.)  In her complaint, Kwasniewski avers that she "was misle[]d and intimidated by" defendant's notice letter and "was genuinely fearful of being sued."  (Compl. (dkt. #1) ¶¶ 29-30.)  In her motion for class certification, plaintiff additionally presented evidence that this form letter was sent to numerous other Wisconsin residents.

Contrary to the letter, however, SSM apparently maintains policies and procedures that establish guidelines for determining when to undertake an "extraordinary collection action," including actually filing a lawsuit, against a consumer. In particular, the guidelines provide that SMM will not file suit if the consumer's debt balance is below $1200, although

---

[2] The Seventh Circuit has explained that challenges to subject matter jurisdiction may be facial or factual.  *See Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015).  Here, although the parties have engaged in discovery, because plaintiff's allegations are insufficient to establish standing, the court need not consider whether she would survive a factual challenge to standing.

multiple debtor accounts may be combined to achieve the $1200 minimum balance. Accordingly, plaintiff claims Medicredit's form language violates 15 U.S.C. §§ 1692e, 1692e(2), 1692e(4), 1692e(5), and 1692e(10) by threatening a civil suit that the underlying creditor had no intention to undertake.

In a previous order, the court certified the following class pursuant to Rule 23:

> (a) all individuals (b) to whom Medicredit sent a letter in the form attached to Plaintiff's complaint as Exhibit A (c) to a Wisconsin address (d) seeking to collect a debt for St. Mary's Hospital in the amount of less than $1200, (e) which letter was sent at any time during a period beginning August 28, 2018 (one year prior to the filing of this action) and ending September 18, 2019 (21 days after the filing of this action).

(*See* Op. & Order (dkt. #64) 14.)

## OPINION

To establish standing, a plaintiff must allege a concrete and particularized injury that is traceable to the defendant's conduct and redressable by a favorable judicial decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). To be "concrete," the alleged injury "must be '*de facto*'; that is, it must actually exist." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). Several recent decisions the Seventh Circuit have starkly called into question whether this requirement has been met on the facts alleged here.

In *Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069 (7th Cir. 2020), plaintiffs accumulated a $2,000 debt owed to their homeowners' association, at which point defendant sent them a dunning letter that stated it "may seek" foreclosure. *Id.* at 1070. Plaintiffs argued that the letter was "false or misleading because the law firm would have found it too costly to pursue foreclosure to collect a $2,000 debt" and claimed that

they were "annoyed or intimidated by the letter." *Id.* at 1070-71. Nevertheless, the Seventh Circuit held that while "[p]estiferous text messages, spam phone calls, and unwelcome faxes [for example] can cause cognizable injury," no such invasion of privacy was alleged by plaintiffs' receipt of this single dunning letter. *Id.* (citing *Gadelhak v. AT&T Services, Inc.*, 950 F.3d 458 (7th Cir. 2020)). More specifically, the court explained that allegations of annoyance or intimidation were not enough to establish the "concrete and particularized loss" required to create constitutional standing. *Id.*

Similarly, in *Larkin v. Finance System of Green Bay, Inc.*, 982 F.3d 1060 (7th Cir. 2020), plaintiffs received dunning letters after incurring medical debts from Green Bay Radiology SC. Among other, similar variations, the letters stated: "You want to be worthy of the faith put in you by your creditor"; and "Your creditor is interested in you preserving a good credit rating with them." *Id.* at 1063. The Seventh Circuit noted that plaintiffs "generally alleged in their complaints that certain statements in Finance System's collection letters were false, deceptive, or misleading, or unfair and unconscionable, in violation of §§ 1692e and 1692f. But neither complaint contains any allegation of harm -- or even an appreciable risk of harm -- from the claimed statutory violation." *Id.* at 1066. The court continued:

> [Plaintiffs' counsel] did not contend, for example, that Finance System's communications caused the plaintiffs to pay debts they did not owe or created an appreciable risk that they might do so. He did not claim that his clients were confused or misled to their detriment by the statements in the dunning letters, or otherwise relied to their detriment on the contents of the letters. He did not suggest that it was reasonable to infer that [plaintiffs] Larkin and Sandri would have pursued a different course of action were it not for the statutory violations . . . .

*Id.*  For these reasons, the court dismissed the case for lack of standing.  *Id.*

Next, in *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067 (7th Cir. 2020), the plaintiff received a debt collection letter that, she alleged, threatened illegal action and amounted to a false representation in violation of the FDCPA.  *Id.* at 1067-68.  The plaintiff further "asserted that she was confused by the letter's language, [but] she did not tie that confusion to an injury."  *Id.* at 1068.  Accordingly, the court held that plaintiff lacked standing, explaining that "[a] debtor confused by a dunning letter may be injured if she acts, to her detriment, on that confusion -- if, for example, the confusion leads her to pay something she does not owe, or to pay a debt with interest running at a low rate when the money could have been used to pay a debt with interest running at a higher rate. But the state of confusion is not itself an injury."  *Id.*  Absent such detrimental acts, the court again held that "the asserted violation of a substantive right conferred by the Fair Debt Collection Practices Act does not guarantee the plaintiff's standing.  There must still be a concrete injury."  *Id.*  (citing *Larkin*, 982 F.3d at 1060).

The court in *Bazile v. Finance System of Green Bay, Inc.*, 983 F.3d 274 (7th Cir. 2020) yet again emphasized this point.  *Id.* at 279 ("[A] plaintiff must do more than allege an FDCPA violation to establish standing; she must also show personal harm.").  While the Seventh Circuit noted in *Bazile* that "[t]he nonreceipt of information to which a plaintiff is entitled under a statute *may* amount to a concrete injury," it cautioned that such an omission will only be constitutionally sufficient "if it impairs the plaintiff's 'ability to use [that information] for a substantive purpose that the statute envisioned.'"  *Id.* at 280 (emphasis added) (quoting *Robertson v. Allied Sols., LLC*, 902 F.3d 690, 694 (7th Cir.

2018)).

Finally, in *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282 (7th Cir. 2020), the

Seventh Circuit emphasized:

> The failure to provide information that is required under the FDCPA inflicts
> a concrete injury only if it impairs a plaintiff's ability to use the withheld
> information for a substantive purpose that the statute envisioned.   The
> FDCPA envisions that debtors will use accurate, non-misleading information
> in choosing how to respond to collection attempts and how to manage and
> repay their debts.   This means that for a concrete injury to result from a
> dunning letter's exclusion of a statement about accruing interest, that
> exclusion must have detrimentally affected the debtors' handling of their
> debts.

*Id*. at 286 (internal citations and quotations omitted).

Here, the named plaintiff Helen Kwasniewski alleges only that:  (1) she received a

letter misrepresenting the types of collection actions Medicredit actually intended to

undertake to collect on her debt; and (2) she was misle[]d and intimidated by" defendant's

letter and "was genuinely fearful of being sued."  (Compl. (dkt. #1) ¶¶ 29-30.)  Moreover,

in briefing on standing, she does not even suggest any further allegations of injury, but

instead maintains that these allegations state a sufficiently concrete injury to establish

standing.

Despite the court's express invitation to do so, this response fails to engage

meaningfully with the Seventh Circuit's newer decisions.  Instead, she argues that false

information was provided in the collection letter, and that that false information

"presumably must . . . interfere with the substantive purposes of the [FDCPA]," particularly

in the admittedly stark choices left someone facing the crippling, unforeseen, and largely

unavoidable debts associated with a hospital stay.  (Pl.'s Br. (dkt. #67) 1-2.)  Yet as

6

discussed above, the Seventh Circuit has made it clear that an allegation of false or misleading information in violation of the FDCPA is not *by itself* enough to establish standing.  What is also required is an allegation of some act or failure to act resulting from that violation causing plaintiff a "concrete injury."  Indeed, plaintiff's emphasis on "[t]he combination of a lack of a negotiated price and a high error rate means that false threats of suit on medical debts create a substantial risk that patients will . . . not examine their bills and will be coerced into paying money they may not owe" (Pl.'s Br. (dkt. #67) 2) underscores what is missing here:  plaintiff's allegation that she paid the debt in response to defendant's illegal letter (or acted or failed to act in some other way as a result of defendant's letter).  This is why in *Larkin*, which also concerned alleged medical debts, the Seventh Circuit *still* required allegations of injury beyond the mere assertion that the letters were misleading.  982 F.3d at 1066.

In sum, plaintiff's bare allegations that the dunning letter she received contained false or misleading information in violation of the FDCPA is no longer sufficient to establish standing.  *See Larkin*, 982 F.3d at 1066; *Brunett*, 982 F.3d at 1068; *Bazile*, 983 F.3d at 280; *Spuhler*, 983 F.3d at 286.  Nor are her allegations (however real and understandably) that she was misled, intimidated, and fearful of being sued, unless she acted or failed to act in some way adverse to her interests because of the letter.  *See Gunn*, 982 F.3d at 1070 (allegation of intimidation or annoyance by dunning letter not enough to establish standing); *Brunett*, 982 F.3d at 1068 (allegation of confusion by dunning letter not enough to establish standing).

Of course, just because the named plaintiff herself is unable to allege a concrete

injury caused by defendant's alleged illegal behavior does not mean that other members of the class would be unable to do so. Still, the court certified the present class based on its finding that questions of law or fact common to class members predominate over any question affecting only individual members and that named plaintiff Helen Kwasniewski's claims and defenses were typical of those of the class. In light of the foregoing discussion regarding the need for a concrete injury to establish standing to sue, the court must also reconsider its conclusions regarding the Rule 23 requirements. In particular, as illustrated here, while some class members may be able to testify that they relied to their detriment on the contents of the letter, which may be adequate to establish standing, others will not. Accordingly, the individual differences will predominate over common questions and make a class action inappropriate.

Under the Federal Rules of Civil Procedure, "[a]n order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C). As the Supreme Court has explained: "Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation. For such an order, particularly during the period before any notice is sent to members of the class, 'is inherently tentative.'" *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 n.11 (1978)). Here, the class was only recently certified, and no notice has yet been sent to class members. Indeed, defendant is currently seeking to appeal that certification to the Seventh Circuit. *See* Def.'s Petition for Permission to Appeal Pursuant to F.R.C.P. 23(f), *Medicredit, Inc. v. Helen Kwasniewski*, No. 21-8001 (Jan. 4, 2021).

In light of the court's consideration of further developments in FDCPA standing law as set forth above and for the reasons discussed with the parties' counsel today, the court finds it proper to decertify the class as well.

## ORDER

IT IS ORDERED that:

1) Under Rule 23(c)(1)(C), the class previously certified by the court (*see* dkt. #64) is DECERTIFIED.

2) Named plaintiff Helen Kwasniewski's individual complaint is DISMISSED for lack of standing.

3) The clerk's office is directed to enter final judgment and close this case.

Entered this 22nd day of January, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

9